**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                  Case No. 07-cr-002-01-PB

Nathaniel Kitchen

**O R D E R**

Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 25). For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated. The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment. The defendant pled guilty to a one count Indictment charging him with Possession with Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). The presentence report (using the November 1, 2006 edition of the Guidelines Manual) determined the defendant was responsible for 29.52 grams of cocaine base (or the equivalent of 590.40 kilograms of marijuana), .11 grams of powder cocaine (or the equivalent of .022 kilograms of marijuana), and 2.05 grams of marijuana (or the equivalent of .00205 kilograms of marijuana), which resulted in a base offense level of 28. The presentence report applied a two

level increase for the possession of a dangerous weapon, which resulted in an adjusted offense level of 30.  After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 27 in the presentence report.  The defendant's criminal history was determined to be I and his advisory guideline range to be 70 to 87 months.

At the sentencing hearing, the court adopted the defendant's objection to the two level increase for possession of a dangerous weapon and found the defendant's adjusted offense level to be 28, his total offense level to be 25, and his initial advisory guideline range to be 57 to 71 months.  Nonetheless, because the defendant was subject to a five year mandatory minimum statutory penalty (21 U.S.C. § 841(b)(1)(B)(iii)), the court determined that the defendant could not be sentenced below 60 months.  Thus, the defendant was sentenced to 60 months imprisonment followed by four years supervised release.

After applying the retroactive application of the crack cocaine amendment to the defendant's sentence, the defendant's base offense level would be reduced from level 28 to level 26 and his total offense level would be reduced from level 25 to level 23.  As a result, if the defendant was not subject to a five year mandatory minimum sentence, the advisory guideline range would

become 46 to 57 months.  In this case, however, the statutory mandatory minimum penalty controls because there was no government USSG §5K1.1 motion and the defendant was not deemed eligible for the safety valve reduction.  Therefore, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's imprisonment guideline range.

Therefore, for the foregoing reasons, defendant's motion to reduce sentence (document no. 25) is DENIED.

**SO ORDERED.**


Date:                           /s/ Paul J. Barbadoro
                                Paul J. Barbadoro
                                United States District Judge


cc:   Nathaniel Kitchen, pro se
      Counsel of Record